**KLEIN THOMAS LEE & FRESARD**
Kristyn Wong (SBN: 346644)
Email: kristyn.wong@kleinthomaslaw.com
1920 Main Street, Suite 230
Irvine, CA 92614
Office: (949) 676-4570

Thomas L. Azar (*pro hac vice*)
Email: tom.azar@kleinthomaslaw.com
Sarah K. Molina (*pro hac vice*)
Email: sarah.molina@kleinthomaslaw.com
100 N. Broadway, Suite 1600
St. Louis, MO 63102
Office: (314) 888-2970

*Attorneys for Defendant FCA US LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| WENDY BLALOCK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FCA US, LLC, a Delaware limited liability company; and DOES 1 through 25, inclusive,<br><br>Defendants. | **CASE NO.: 8:26-cv-00201 DMG (KESx)**<br><br>*Assigned to: Dolly M. Gee*<br>*Magistrate Judge: Karen E. Scott*<br><br>**FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Action Filed: January 26, 2026<br>DATE: July 17, 2026<br>TIME: 9:30 a.m.<br>JUDGE: Hon. Dolly M. Gee<br>COURTROOM: 8C |

# TABLE OF CONTENTS


Page

TABLE OF AUTHORITIES ........ iii

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 1

A. Dismissal Under Rule 12(b)(1) For Lack Of Standing ........ 1

B. The "Trap And Trace" Claim Fails (Count I) ........ 5

C. The Intrusion Upon Seclusion Claim Fails (Count II). ........ 8

III. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Bradshaw v. Lowe's Cos., Inc.*,
2025 WL 3171740 (S.D. Cal. Nov. 12, 2025) ....................4

*Caldwell v. InMobi Pte Ltd*,
2026 WL 1162828 (N.D. Cal. Apr. 29, 2026) ....................9

*Casillas v. Six Flags Entm't Corp.*,
812 F.Supp.3d 1016 (C.D. Cal. 2025) ....................9

*Comes v. Harbor Freight Tools USA, Inc.*,
2021 WL 6618816 (C.D. Cal. Sept. 29, 2021) ....................5

*Dawidzik v. Tesla, Inc.*,
2025 WL 3786963 (C.D. Cal. 29, 2025) ....................3

*Doe v. Eating Recovery Ctr. LLC*,
806 F.Supp.3d 1109 (N.D. Cal. 2025) ....................6

*In re Apple Data Privacy Litig.*,
2026 WL 146025, **3-4 (N.D.Cal. Jan. 20, 2026) ....................8

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) .................... 1, 3, 4

*In re Meta Android Privacy Litig.*,
– F.Supp.3d – , 2026 WL 1279416 (N.D. Cal. May 11, 2026) ....................6, 7

*Kishnani v. Royal Caribbean Cruises Ltd.*,
2025 WL 1745726 (N.D. Cal. June 24, 2025) ....................7

*Krzyzek v. OpenX Techs., Inc.*,
817 F.Supp.3d 857 (N.D.Cal. 2026) ....................3, 9

*Lewis v. Magnite, Inc.*,
2025 WL 3687546 (C.D. Cal. Dec. 4, 2025) ....................6

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ....................5

*Mitchener v. CuriosityStream, Inc.*,
815 F.Supp.3d 845 (N.D. Cal. 2025)....6, 7

*Moody v. C2 Educational Sys. Inc.*,
742 F.Supp.3d 1072 (C.D. Cal. 2024)....8

*Namisnak v. Uber Techs., Inc.*,
971 F.3d 1088 (9th Cir. 2020)....5

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025)....1, 2

*Price v. Converse, Inc.*,
805 F.Supp.3d 1102 (C.D. Cal. 2025)....4

*Selby v. Sovrn Holdings, Inc.,*
2025 WL 2950164 (N.D. Cal. Oct. 17, 2025)....9

*Shah v. MyFitnessPal, Inc.*, – F.Supp.3d – ,
2026 WL 216334 (N.D. Cal. Jan. 27, 2026)....6

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)....5

*St. Aubin v. Carbon Health Techs, Inc.*,
2024 WL 4369675 (N.D. Cal. 2024)....6

*Torres v. Seatgeek, Inc.*,
2026 WL 1495202 (N.D. Cal. May 28, 2026)....3

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)....2

*Tsering v. Meta Platforms, Inc.*,
2026 WL 1433958 (N.D. Cal. May 21, 2026)....7

*Tsering v. Meta Platforms, Inc.*,
2026 WL 89320 (N.D. Cal. Jan. 12, 2026)....6

**Statutes**

Cal. Penal Code § 631....7

Cal. Penal Code § 638.51....5, 7

## I. INTRODUCTION

Plaintiff insists she has pleaded a concrete injury in fact that is traceable to her single visit to the Chrysler website, and that she experienced a "highly offensive" breach of her privacy rights. Yet, she now admits "the FAC does ***not*** allege that 'private facts' about Plaintiff were revealed during [her] visit to the website." *See* Plaintiff Wendy Blalock's Opposition to Defendant FCA US, LLC's Motion to Dismiss First Amended Complaint ("Pl. Opp."), ECF #26, p. 16 (emphasis added). She also acknowledges her claimed injury has "nothing to do with [her] visit to the website." *Id.* at p. 12. Given this, she has plainly failed to plead standing. And, her arguments fail to save any of her claims. FCA US's motion should be granted.

## II. ARGUMENT

### A. Dismissal Under Rule 12(b)(1) For Lack Of Standing.

Plaintiff urges this Court to view her allegations as akin to those in *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020), and ignore the Ninth Circuit's analysis in *Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025). *See* Pl. Opp., pp. 12-17. Plaintiff's reliance on *Facebook*, and her efforts to fit her claims here into the *Facebook* mold, cannot save her claims.

*Facebook* involved a plug-in that captured not just what a user did while they were using Facebook, but also every single website they visited across the internet, and every web search they entered on their computers – even when a user was logged off from Facebook. *See* 956 F.3d at 589-99. In analyzing standing, the Ninth Circuit focused on the scope of information Facebook itself had collected about its users, including not just everything they did on their computers but also "profiles that could include a user's employment history and political and religious affiliations." *Id.* at 599. The court reasoned all this allowed Facebook to "amass a great deal of personalized information" and create " a cradle-to-grave profile" of its users, thus plausibly infringing the privacy rights "that Congress and the California legislature intended to protect … when they passed the Wiretap Act, SCA, and CIPA." *Id.* at

589-99.

Here, of course, there are no facts pleaded to suggest FCA US or the Chrysler website does anything similar. There is no allegation the Chrysler website acquires any information beyond basic device data (*e.g.*, "device type," "browser type," IP address, *etc.*) and what Plaintiff did while on the Chrysler website. *See*, *generally*, FAC. There is no allegation FCA US tracked, or even could track, anything Plaintiff did on any other website. *Id.* There is no allegation FCA US created any "profile" of Plaintiff, or that it creates profiles of other website visitors. *Id.* And, there is no allegation that any of the information collected and shared about Plaintiff's single visit to the Chrysler website was private, embarrassing, or sensitive. *Id.* Indeed, in her opposition, Plaintiff ***outright concedes*** that "the FAC does ***not*** allege that [any] 'private facts' about ***Plaintiff*** were revealed during Plaintiff's visit to the website." Pl. Opp., p. 19 (second emphasis in original); *see also id.* at p. 16 ("The FAC does ***not*** allege that the dissemination of such seemingly non-personal data alone represents an injury in fact." (emphasis added)).

All this is critical to the standing analysis since, as the Ninth Circuit explained in *Popa*: (1) the Supreme Court's holding in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), rejected the notion that the mere violation of a "privacy" statute suffices for standing; (2) any standing analysis must therefore focus on the "individual circumstances" of the plaintiff and the privacy violation she alleges the defendant caused; and (3) only where the plaintiff pleads facts showing that "embarrassing, invasive, or otherwise private information [was] collected" by the defendant is standing plausibly alleged. 153 F.4th at 791-92, 794. Since even Plaintiff agrees that none of the information FCA US and the Chrysler website collected about her was private, she cannot satisfy the post-*TransUnion* test provided in *Popa*.

The core of Plaintiff's argument is not really about FCA US or the Chrysler website at all. Rather, it is based on allegations that ***LiveRamp*** (not FCA US) operates "an invasive and extensive profiling and tracking regime" – and that it is

therefore "possible" LiveRamp could have some meaningful information about her and might sell that information to third parties so she receives more advertising. *See* Pl. Opp., pp. 12, 16-17. This argument fails in at least two separate ways.

First, *Facebook* offers no support for the notion that the required injury in fact and traceability exists simply because some non-private information is shared and eventually used in some third-party profile. The defendant in *Facebook* was the entity creating the far-more expansive tracking software, gathering the information, and assembling the profiles – so, obviously, the Ninth Circuit did not address the sort of indirect standing argument Plaintiff appears to be making here. Likewise, many of the cases Plaintiff points to were claims against entities akin to LiveRamp – not mere proprietors of websites where a third party's software is used. *See, e.g.*, *Krzyzek v. OpenX Techs., Inc.*, 817 F.Supp.3d 857, 862 (N.D.Cal. 2026) (cited at Pl. Opp., p. 13, finding standing where defendant itself created the tracking pixel used on various websites and itself "compiled detailed profiles by tracking [Plaintiffs'] interactions across many websites").

But, where claims are asserted against a website owner merely because it used third-party software that shared non-private data with such companies, standing has generally been found to be lacking. *See, e.g.*, *Torres v. Seatgeek, Inc.*, 2026 WL 1495202, **3-4 (N.D. Cal. May 28, 2026) (no standing where information was allegedly shared with Meta and other third parties that maintained "preexisting plaintiff profiles" and "allegedly link[ed] the transmitted data … to those profiles through fingerprinting, advanced matching, and identifiers," since "the information that was collected – IP addresses, device make/model/OS, browser type, and cookie identifiers – is record information where there is no reasonable expectation of privacy"); *Dawidzik v. Tesla, Inc.*, 2025 WL 3786963, **1, 3-4 (C.D. Cal. 29, 2025) (no standing where defendant's website included trackers "by Google, Twitter, and StackAdapt" which "caused the user's browser to transmit certain data to third-party servers only when the user visited Defendant's website"); *Bradshaw v. Lowe's Cos.,*

*Inc.*, 2025 WL 3171740, **5-6 (S.D. Cal. Nov. 12, 2025) (while plaintiffs alleged "Microsoft and TikTok combine this information with data from other sources to generate user profiles," finding no standing since the trackers on defendant's website only collected non-private information like "'IP addresses,' undefined 'unique identifiers,' and 'browsing information' while [users] are on Defendant's website … These are significant differences that result in fundamentally different harms and take this case outside the holding of *Facebook*"); *Price v. Converse, Inc.*, 805 F.Supp.3d 1102, 1105 (C.D. Cal. 2025) (no standing where plaintiff alleged "the TikTok Software" on defendant's website "gathers data including device and browser information" and was "match[ed]" with "existing data TikTok has acquired and accumulated," since information collected by the website was not private or the type that would support any injury in fact).

Second, even if FCA US's sharing of non-private information could support some injury, Plaintiff has simply not pleaded the facts necessary to support this. She identifies her injury as "an ongoing ***risk***" that the limited non-private data obtained by the Chrysler website ***could*** be combined with other, private data that ***could***, in turn, allow her to be tracked by LiveRamp and "inundate[d] … with unwanted targeted marketing and possible sale of [her] data." FAC, ¶¶ 60-61. But, everything about Plaintiff's purported injury is pleaded as vague generalities, mere possibilities, or inchoate future risk. She proffers only an "information and belief" allegation that the admittedly non-private information about her single visit to the Chrysler website was either "added" to LiveRamp's existing profile of her or used "to create a new profile." FAC, ¶ 46. She pleads no facts to show FCA US's alleged sharing of this limited information about one website visit meaningfully contributed, or even could meaningfully contribute, to LiveRamp's profile about her. *See*, *generally*, FAC. She merely pleads that LiveRamp's "pre-existing" data about her "may include" private information – not that it does, or that she has any reason to believe it does. *See* FAC, ¶ 43. And, she pleads no facts to suggest the "risk" of being "inundated" with

targeted advertising has actually manifested, or that she has observed any change or increase in the advertising she receives. *See*, *generally*, FAC.

Finally, even aside from these deficiencies, the required concreteness and traceability are clearly lacking. Indeed, Plaintiff outright concedes that her claimed injury is about a "possible" use and sale of her data by LiveRamp that has ***"nothing to do with Plaintiff's visit to the [Chrysler] Website."*** *Id.* at p. 12 (emphasis added). But, as this Court knows well, an injury must be "concrete and particularized and actual or imminent, not conjectural or hypothetical," so Plaintiff's allegations and arguments about a "risk" of a "possible" injury are insufficient. *See Comes v. Harbor Freight Tools USA, Inc.*, 2021 WL 6618816, *4 (C.D. Cal. Sept. 29, 2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)). Likewise, standing only exists "where the alleged injury is 'fairly traceable to the challenged action of the defendant, and not the independent action of some third party not before the court.'" *Namisnak v. Uber Techs., Inc.*, 971 F.3d 1088, 1094 (9th Cir. 2020) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). But, while Plaintiff's claims are brought against FCA US and based solely on her visit to the Chrysler website, she bases her injury on LiveRamp's possible actions, does not plead any facts to show the limited non-private information FCA US shared meaningfully contributed to anything LiveRamp did or may do, and explicitly argues her injury has "nothing to do" with the Chrysler website she is suing over. In every way possible, Plaintiff has failed to plead the requirements of standing.

### B. <u>The "Trap And Trace" Claim Fails (Count I).</u>

Plaintiff acknowledges her CIPA "trap and trace" claim is brought pursuant to Cal. Penal Code § 638.51, and that this statute expressly excludes devices that can capture "the contents of a communication." *See* Pl. Opp., pp. 19-20. She argues her claim fits within this statute because she is not claiming "contents" were captured by the LiveRamp tracker on the Chrysler website. *Id.*

But, as pleaded, the captured information includes: "hundreds of data points

about a visitor to the Website" (FAC, ¶¶ 3, 22); "[a] visitor's navigation of the pages of the Website," which "can reveal private facts about her finances, purchasing intent, geographic location, as well as the needs of her household" (*id.* at ¶ 19); "the specific page and resource addresses the visitor requests" (*id.* at ¶ 38); and "how the visitor arrived at the Website and the prior page or channel that directed the request" (*id.*). Moreover, Plaintiff specifically alleges that the LiveRamp tracker captured information "identifying ***the content*** being requested" by her and other users on the site. *Id.* at ¶ 38 (emphasis added).

What constitutes "contents" under CIPA (and the federal statute it is based on – *see* Pl. Opp., p. 19) has been addressed by many courts, and consistently held to include the types of information Plaintiff alleges was collected here. *See, e.g.*, *Shah v. MyFitnessPal, Inc.*, – F.Supp.3d – , 2026 WL 216334, *7 (N.D. Cal. Jan. 27, 2026) ("website interactions," "user input data," shopping behaviors," "referring URLs" and other information about "what users were searching for or what they wanted to do on [defendant's] website" were "contents"); *Tsering v. Meta Platforms, Inc.*, 2026 WL 89320, *6 (N.D. Cal. Jan. 12, 2026) ("geolocation information"); *Lewis v. Magnite, Inc.*, 2025 WL 3687546, *11 (C.D. Cal. Dec. 4, 2025) ("search terms qualify as contents of communications"); *Doe v. Eating Recovery Ctr. LLC*, 806 F.Supp.3d 1109, 1116 (N.D. Cal. 2025) ("URLs that reveal the specific document, product, or service that a user is viewing count as contents of communications"); *Mitchener v. CuriosityStream, Inc.*, 815 F.Supp.3d 845, 852 & fn.4 (N.D. Cal. 2025) (any "biographical information" about the user, or any data she inputs); *St. Aubin v. Carbon Health Techs, Inc.*, 2024 WL 4369675, *4 (N.D. Cal. 2024) (information that "can divulge a user's personal interests, queries, and habits" including "[d]escriptive URLs that reveal specific information about a user's queries"); *see also In re Meta Android Privacy Litig.*, – F.Supp.3d – , 2026 WL 1279416, *7 (N.D. Cal. May 11, 2026) ("contents" includes, *inter alia*, "the URLs of the webpages visited," "the information … the user searched for in a search bar," "the actions the

user took on a page," "the contents of commonly used form fields").

Plaintiff cannot plead a plausible violation of the "trap and trace" provision in Cal. Penal Code § 638.51 when she alleges the tracker at issue captures contents. *See, e.g.*, *Mitchener*, 815 F.Supp.3d at 851-52; *Kishnani v. Royal Caribbean Cruises Ltd.*, 2025 WL 1745726, *4 (N.D. Cal. June 24, 2025); *see also Tsering v. Meta Platforms, Inc.*, 2026 WL 1433958, *2 (N.D. Cal. May 21, 2026) (dismissing claim under similar pen-register provision for failure to plead facts showing "contents" were not captured); *In re Meta Android Privacy Litig.*, 2026 WL 1279416, at *8 (dismissing pen register claim because data collected was not of the type "used by communications providers to route Plaintiff's communications"). Indeed, Plaintiff acknowledges the California legislature enacted an entirely ***different*** section of the CIPA (Cal. Penal Code § 631), with different rules and requirements, to address devices that can capture "contents." *See* Pl. Opp., pp. 19-20.

Furthermore, to plausibly plead a trap and trace claim, Plaintiff needed to plead facts showing that the information collected constitutes "dialing, routing, addressing, or signaling information" instead of "contents" – and that would require pleaded facts showing the information was actually used for that purpose. *See, e.g.*, *Tsering*, 2026 WL 1433958, at *2 (dismissing similar pen register claim because "Plaintiffs do not allege any facts indicating that IP addresses or geolocation data were actually used as dialing, routing, addressing, or signaling information … or for other subsequent communications"); *see also In re Meta Android Privacy Litig.*, 2026 WL 1279416, at *8 (finding cookie that identifies users and browsers did not meet statutory definition because "the focus here is whether that information would be used by an intermediary to route the communication or signal its intended path, not the recipient's use of that communication"). She does not plead that here. *See*, *generally*, FAC.

Plaintiff argues that a consent defense is only available to a "provider" under CIPA. *See* Pl. Opp., pp. 20-21. But, she acknowledges CIPA's trap and trace

provision "was copied from federal statutes," and cannot dispute that the federal versions have consistently been interpreted to exclude circumstances where a website owner agrees to the use of software on its own website. *See id.* at p. 19; *see also* ECF #25, pp. 11-12 (collecting cases); *see also Moody v. C2 Educational Sys. Inc.*, 742 F.Supp.3d 1072, 1077 (C.D. Cal. 2024) (acknowledging federal decisions "persuasive" for argument website operator was "user" who could give consent, but finding issue premature "at the motion to dismiss stage"). In any event, Plaintiff's proffered interpretation would mean that ***neither*** party to a website communication could provide consent, rendering every communication an illegal trap and trace violation. That cannot be what the California legislature intended.

Finally, on whether the trap and trace and pen register prohibitions apply to internet communications at all, FCA US acknowledges there is an ongoing split among courts. *See, e.g.*, *In re Apple Data Privacy Litig.*, 2026 WL 146025, **3-4 (N.D.Cal. Jan. 20, 2026) (finding issue to be "a close call," and noting that "recent decisions from California state courts" have concluded the statute does not apply to internet communications, but allowing claim to proceed pending "further developments in caselaw on this issue"). Yet, as explained in FCA US's opening brief, only one interpretation – that the statute is limited to telephone communications – gives meaning to all of the statutory language, and avoids absurd outcomes like rendering every website visit a violation. *See* ECF #25, pp. 13-14; *see also id.* at pp. 12-13.

### C. The Intrusion Upon Seclusion Claim Fails (Count II).

Plaintiff seems to agree that only "highly offensive" intrusions can support a claim for invasion of privacy under California law. *See* Pl. Opp., pp. 21-22. And, it is difficult to discern how she believes she can simultaneously assert her visit to the Chrysler website both caused such an intrusion while, also, admitting she "does not allege that [any] 'private facts' about [her] were revealed during [her] visit to the [Chrysler] website." *Compare id.* at p. 19 *with id.* at pp. 21-22.

Although Plaintiff points to a handful of cases she says support her argument, they actually just highlight what is lacking here. Most involved claims against the data brokers or software tracking companies (*e.g.*, LiveRamp) that actually collect data from a large number of sources and then use it to create the types of "profiles" Plaintiff complains about – not mere claims against a single website owner over a single website visit. *See*, *e.g.*, *Caldwell v. InMobi Pte Ltd*, 2026 WL 1162828, *1 (N.D. Cal. Apr. 29, 2026) (claim against the software development company, not dating app the software was on); *Krzyzek*, 817 F.Supp.3d at 863 (claim against the data broker, not the websites plaintiffs visited); *Selby v. Sovrn Holdings, Inc.,* 2025 WL 2950164, *1 (N.D. Cal. Oct. 17, 2025) (claim against the pixel company, not the websites the pixel was on). The other case she cites involved the collection of the contents of communications after the plaintiff "expressly declined" to allow such sharing. *See Casillas v. Six Flags Entm't Corp.*, 812 F.Supp.3d 1016, 1029-31 (C.D. Cal. 2025). But, FCA US is not such a data broker, nor does Plaintiff plead anything like what was alleged in *Casillas*.

Perhaps realizing her own allegations do not fit the types of cases she cites to, Plaintiff then tries to reframe her allegations, arguing that she "is alleging that Chrysler ***caused*** an intrusion upon seclusion by LiveRamp." *See* Pl. Opp., p. 22 (emphasis in original). But, no facts are offered to plausibly plead this. Indeed, all Plaintiff alleges is that FCA US shared some minimal, non-private information with LiveRamp, which either "can be tied" to other "pre-existing" data LiveRamp already had, or used to start a profile of her – one that, obviously, would be decidedly bare if all it contained was the information about her single visit to the Chrysler website. Plaintiff cites no case to suggest this is sufficient to plead an intrusion upon seclusion claim, because it is not. *See* ECF #25, pp. 16-17 (collecting cases).

Additionally, FCA US argued in its opening brief that Plaintiff's intrusion upon seclusion claim should also be dismissed because parties to communications cannot eavesdrop on themselves. *See id.* at pp. 15-16. Plaintiff does not respond to

this argument. *See*, *generally*, Pl. Opp. Thus, she has conceded this issue.

## III. CONCLUSION

For the reasons set forth herein and in FCA US's opening brief, the Court should dismiss the Complaint with prejudice.

Dated: July 2, 2026

**KLEIN THOMAS LEE & FRESARD**

By: /s/ *Kristyn Wong*
Kristyn Wong (346644)
Thomas L. Azar (*pro hac vice*)
Sarah K. Molina (*pro hac vice)*

*Attorneys for Defendant FCA US LLC*

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on **July 2, 2026**, a true and correct copy of the foregoing **FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** was filed with the Clerk using the CM/ECF system, which will provide notice to the following counsel of record:


Robert Tauler (SBN 241964)
J. Evan Shapiro (SBN 218481)
**TAULER SMITH LLP**
626 Wilshire Boulevard, Suite 550
Los Angeles, California 90017

Attorneys for Plaintiff
WENDY BLALOCK

Tel: (213) 927-9270
Fax: (949) 706-6469
Email: rtauler@taulersmith.com
eshapiro@taulersmith.com


Samie Long